| | |
|---|---|
| Jean Paul R. Emery, | Case No. 17-cv-1988 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy A. Berryhill, *Acting Commissioner of Social Security*, | |
| Defendant. | |

Karl E. Osterhaut, Osterhaut Disability Law, LLC, 521 Cedar Way, Suite 200, Oakmont PA 15139, and Edward C. Olson, Disability Attorneys of Minnesota, 331 Second Avenue South, Suite 420, Minneapolis MN 55401 (for Plaintiff); and

Bahram Samie, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Defendant).

## I.  INTRODUCTION

Plaintiff Jean Paul R. Emery brings the present action, contesting Defendant Commissioner of Social Security's denial of his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381. The parties have consented to a final judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and D. Minn. LR 7.2. This matter is before the Court on the parties' cross motions for summary judgment. For the reasons set forth below, the Court grants Plaintiff's motion, denies Defendant's motion, and remands this matter to the Social Security Administration for further consideration.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed the instant action for SSI on September 27, 2013, alleging a disability onset date of April 1, 2009. Plaintiff alleges impairments of "numerous physical disabilities," chronic pain, left foot and ankle injuries/surgeries, severe arthritis, back injuries post motor vehicle accident, and Crohn's Disease. Plaintiff was found not disabled on March 7, 2014. That finding was affirmed upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge. A hearing was held February 9, 2016 and, on March 18, 2016, the ALJ issued a decision denying Plaintiff's claim for benefits. Plaintiff sought review of the ALJ's decision through the Appeals Council, which denied his request for review. Plaintiff then sought review in this Court.

### B. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of peripheral neuropathy, osteoarthritis, obesity, depression, and anxiety. (Tr. 19). The ALJ next found and concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 20). The ALJ looked at Listings 1.02 (major dysfunction of a joint), 11.14 (peripheral neuropathies), 12.04 (affective disorders), and 12.06 (anxiety related disorders). (Tr. 20–22). Following this, the ALJ found Plaintiff has the residual functioning capacity ("RFC") to perform sedentary work, except he is limited to:

> lifting up to 10 pounds frequently and 10 pounds occasionally; standing and/or walking approximately two hours and sitting approximately six hours in an eight-hour day; never climbing ladders, ropes, or scaffolds but

> can occasionally climb ramps or stairs; never balancing; no work at heights or around hazards or hazardous machinery; occasionally pushing and pulling with the left lower extremity; and routine, repetitive instructions and tasks in unskilled work, with three to four steps. Additionally, contact with the public, coworkers, and supervisors should be brief for short periods of time, superficial, and not on a decision-making type basis.

(Tr. 22). The ALJ next concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform when considering his age, education, work experience, and RFC. (Tr. 28–29). Accordingly, Plaintiff was found not disabled from September 27, 2013 through the date of the ALJ's decision. (Tr. 29).

## III. ANALYSIS

### A. Legal Standard

Disability benefits are available to individuals determined to be under a disability. 42 U.S.C. § 1381a; *accord* 20 C.F.R. § 416.901. An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). This standard is met when a severe physical or mental impairment, or impairments, renders the individual unable to do his previous work or "any other kind of substantial gainful work which exists in the national economy" when taking into account his age, education, and work experience. 42 U.S.C. § 1382c(a)(3)(B). Disability is determined according to a five-step, sequential evaluation process. 20 C.F.R. § 416.920(a)(4).

> To determine disability, the ALJ follows the familiar five-step process, considering whether: (1) the claimant was employed; (2) she was severely

3

impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work.

*Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). In general, the burden of proving the existence of disability lies with the claimant. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

This Court reviews whether the ALJ's decision is supported by substantial evidence in the record as a whole. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011) (citing *Harris v. Barnhart*, 356 F.3d 926, 928 (8th Cir. 2004)); 42 U.S.C. § 405(g). "Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision." *Boettcher*, 652 F.3d at 863 (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). This standard requires the Court to "consider the evidence that both supports and detracts from the ALJ's decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (citing *Ellis v. Barnhart*, 393 F.3d 988, 993 (8th Cir. 2005)).

The ALJ's decision "will not [be] reverse[d] simply because some evidence supports a conclusion other than that reached by the ALJ." *Perks*, 687 F.3d at 1091 (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578) (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). In reviewing the record for substantial evidence, the Court may not substitute its own

judgment or findings of fact for that of the ALJ. *Hilkemeyer v. Barnhart*, 380 F.3d 441, 445 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

## B. Plaintiff's Cane Usage

Plaintiff first argues that the ALJ erred in formulating the RFC by not accounting for his cane usage. (ECF No. 20, at 5–13).

Social Security Ruling 96-9p, discusses the "the impact of a [RFC] assessment for less than a full range of sedentary work on an individual's ability to do other work." 1996 WL 374185, at *1. SSR 96-9p addresses exertional limitations and restrictions, including those related to a medically required hand-held assistive device. *Id.* at *7. "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed . . . ." *Id.*; *Tripp v. Astrue*, 489 F. App'x 951, 955 (7th Cir. 2012); *Staples v. Astrue*, 329 F. App'x 189, 191–92 (10th Cir. 2009); *Howze v. Barnhart*, 53 F. App'x 218, 222 (3d Cir. 2002). "The standard described in SSR 96–9p does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of her RFC." *Staples*, 329 F. App'x at 191.

In determining Plaintiff's RFC, the ALJ referenced Plaintiff's cane usage twice when recounting specific medical records: in February 2014, "the claimant had a wide-based gait, used a cane, was unable to tandem walk or squat, had slightly reduced flexion in his knees, neuropathy in his legs, and reduced from [sic] in his left ankle," (Tr. 25); and in March 2015, "the claimant walked with a limp and a cane, but the examiner

5

indicated that the claimant's pain medications have allowed him to continue to be active and continue his employment," (Tr. 25). The ALJ did not discuss another reference to Plaintiff's cane usage found in the record, (*see* Tr. 292), only discussing the mental aspects found therein, (Tr. 27) (discussing the opinion of Dr. James Huber). Nor did the ALJ discuss or reference Plaintiff's assertion in his two Adult Function Reports that he requires a cane and his cane was prescribed, despite discussing other aspects of those submissions.

Despite noting that Plaintiff made use of a cane, the ALJ made no specific finding as to whether the cane used by Plaintiff was medically required and whether its use was supported by the medical record. SSR 96-9p; *Staples*, 329 F. App'x at 192 ("Application of [the SSR 96-9p] standard here requires us to ask whether there is any medical documentation establishing the need for a hand-held assistive device to aid in walking or standing."). In fact, the ALJ does not reference SSR 96-9p anywhere in the decision.[1] The ALJ's failure to address Plaintiff's cane usage impedes this Court's ability to review the decision. *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013) ("The error in this case, however, is not that the medical evidence *required* the ALJ to find that [claimant] needed a cane to stand and walk, but that the ALJ failed to consider the issue at all, leaving us without a finding to review.") (emphasis in original); *Masch v. Barnhart*, 406 F. Supp. 2d 1038, 1052 n.12 (E.D. Wis. 2005) (noting that, on remand, ALJ should consider plaintiff's cane use pursuant to SSR 96-9p where ALJ discussed plaintiff's cane

---

[1] The failure to reference SSR 96-9p is particularly notable where the ALJ made heavy use of the SSRs in his decision, citing 14 others: 83-11; 83-12; 83-14; 85-15; 85-28; 96-3p; 96-4p; 96-5p; 96-6p; 96-7p; 96-8p; 00-4p; 02-01p; and 06-3p.

6

use but made no determination as to its medical necessity). Thus, remand is appropriate so Plaintiff's cane usage may be considered in the first instance. *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.") (quotation and citation omitted).

Defendant argues that, despite the ALJ failing to address Plaintiff's cane usage, the ALJ did not err because the medial record is inconsistent with Plaintiff's claimed need for a cane. (ECF No. 23, at 7–8). The ALJ made no determination that Plaintiff's cane was or was not medically required, so this Court cannot determine whether substantial evidence supports this finding. Nonetheless, the Court is unpersuaded by Defendant's argument. The ALJ's failure to make any determination pursuant to SSR 96-9p as to Plaintiff's cane usage is puzzling given the fairly straightforward nature of the medical record concerning the cane and Plaintiff's well-documented lower extremity ailments. In an Adult Function Report submitted December 2, 2013, Plaintiff reported using a cane to walk and that it was prescribed in 2010. (Tr. 164). In another Adult Function Report submitted September 22, 2014, Plaintiff again reported using a cane when leaving his home and that it has been prescribed for "[a] few years." (Tr. 182). Plaintiff was observed by various medical providers using a cane during and after the time period between his Adult Function Reports. (Tr. 240–41 (Feb. 27. 2014); Tr. 292 (Nov. 3, 2014); Tr. 306 (Mar. 9, 2015)). These records show Plaintiff's consistent and persistent use of a cane. The contemporaneous medical records cited by Defendants do

not contradict this; while some improvement was observed in various aspects of Plaintiff's lower extremities, the medical observations are not inconsistent with ongoing cane usage.

In sum, the ALJ erred in failing to determine pursuant to SSR 96-9p whether Plaintiff's cane was medically required. By not making a decision, either in the affirmative or negative, the Court is deprived of the ability to conduct a substantial evidence review of the ALJ's overall decision. Thus, remand is required to permit the ALJ to make that determination in the first instance, to complete the analysis. Moreover, because the Court vacates the ALJ's decision as to steps four and five, it does not reach Plaintiff's remaining arguments as to the ALJ's weighing of the opinions of physician's assistant Claude Erickson and Dr. A. Neil Johnson because the ALJ will necessarily have to reconduct the RFC analysis, which in turn includes weighing these opinions anew.

[Continued on next page.]

## IV. CONCLUSION

Based upon the record, memoranda, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment, (ECF No. 19), is **GRANTED**.

2. Defendant's Motion for Summary Judgment, (ECF No. 22), is **DENIED**.

3. The Commissioner's decision is **VACATED** as to steps four and five and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: September 17, 2018    *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Emery v. Berryhill*
Case No. 17-cv-1988 (TNL)