# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jean P. R. E., | Case No. 17-cv-1988 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy A. Berryhill, *Acting Commissioner of Social Security* | |
| Defendant. | |

Karl E. Osterhout, Osterhout Berger Disability Law, LLC, 521 Cedar Way, Suite 200, Oakmont, PA 15139; and Edward C. Olson, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401 (for Plaintiff).

Tracey Wirmani, Special Assistant United States Attorney, Social Security Administration, 1301 Young Street, Suite A702, Dallas, TX 75202; and Bahram Samie, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendant).

## I. INTRODUCTION

On September 17, 2018, the Court granted Plaintiff Jean P. R. E.'s motion for summary judgment, denied Defendant Nancy A. Berryhill's ("the Commissioner") motion for summary judgment, and remanded this matter to the Social Security Administration for further proceedings. *See generally Emery v. Berryhill*, No. 17-cv-1988 (TNL), 2018 WL 4407441 (D. Minn. Sept. 17, 2018). This matter now comes before the Court on Plaintiff's petition for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Pet. for Att'y Fees, ECF No. 27).

1

## II. ANALYSIS

Under the EAJA, "a party who prevails in a civil action against the United States—including a lawsuit seeking judicial review of administrative action—shall be awarded fees and expenses 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Rapp v. Colvin*, No. 12-cv-2473 (PJS/TNL), 2014 WL 5461889, at *1 (D. Minn. Oct. 27, 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner does not assert that either of these exceptions applies. Rather, the Commissioner objects to the amount of fees requested, asserting that some of the time spent was unreasonable.

Plaintiff seeks compensation for 45.9 hours of work performed by his attorneys at the rate of $196.50 per hour for a total of $9,019.35.[1] (Pet. for Att'y Fees ¶¶ 6, 8). The Commissioner raises several challenges to the number of hours claimed by Plaintiff. In brief, the Commissioner maintains that 35 hours of attorney time is reasonable for this matter and any additional time was not reasonably expended. Accordingly, it is the Commissioner's position that a fee award of $6,877.50 is appropriate in this case. (Def.'s Opp'n. at 7, ECF No. 32).

---

[1] This rate was calculated using the United States Department of Labor's Consumer Price Index as proof that cost of living has increased since the statutory rate of $125 was set, and therefore an increase to the statutory rate is warranted. (Pet. for Att'y Fees ¶ 5). *See* 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). This method of rate calculation is favored by the Eighth Circuit Court of Appeals, *see, e.g.*, *Johnson v. Sullivan*, 919 F.2d 503, 504-05 (8th Cir. 1990), and the Commissioner has not challenged its use here. Therefore, to compensate counsel properly consistent with increases in the cost of living, this Court will apply a rate of $196.50 per hour.

**A. Pre-Complaint Work**

The Commissioner first challenges reimbursement for "2 hours of work performed prior to the filing of Complaint." (Def.'s Opp'n at 3). The Commissioner contends that those two hours constitute "administrative level" work, and thus are not compensable under the EAJA. (Def's Opp'n at 3 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 94, 97 (1991); *Cornella v. Schweiker*, 728 F.2d 978, 988 (8th Cir. 1984)).

The work discussed in *Melkonyan* and *Cornella* is distinguishable from the pre-complaint work in this case. In those cases, the work discussed was performed *in administrative proceedings*, not in preparation for the filing of a civil action. *See Melkonyan*, 501 U.S. at 94, 97; *Cornella*, 728 F.2d at 988-89; *see also Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) ("[W]e reaffirm *Cornella v. Schweiker* and hold that, under the EAJA . . . , a Social Security claimant cannot recover attorney's fees for work performed *in administrative proceedings* after remand." (emphasis added)).

Federal courts in California have squarely and repeatedly rejected the Commissioner's interpretation of *Melkonyan*. *See, e.g.*, *Adams v. Berryhill*, No. CV 17-4030 AFM, 2018 WL 6333694, at *3 (C.D. Cal. Oct. 26, 2018) ("Nothing in *Melkonyan* addresses the issue of whether work performed in preparation of filing a civil complaint is compensable under the EAJA."); *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1083 (E.D. Cal. 2017) ("Furthermore, contrary to defendant's contention, *Melkonyan* does not stand for the proposition that compensation is not permitted for work performed before a suit has been brought in a court." (quotation omitted)); *Kuharski v. Colvin*, No. 2:12-CV-1055 AC, 2015 WL 1530507, at *5 (E.D. Cal. Apr. 2, 2015) ("There is simply no holding, statement, or

3

note in *Melkonyan* that could possibly be interpreted as indicating that work done after completion of the administrative process, but that pre-dates the complaint, is non-compensable under EAJA."); *Haislip v. Colvin*, No. 1:12-cv-00964 (GSA), 2014 WL 1846052, at *4 (E.D. Cal. May 8, 2014) ("Neither [*Melkonyan* nor *Mendenhall v. NTSB*, 213 F.3d 464 (9th Cir. 2000),] holds that work performed in preparation for a civil action after the administrative proceedings have concluded is noncompensable under EAJA."); *Thompson v. Astrue*, No. 2:11-CV-0429 EFB, 2012 WL 5949218, at *2 (E.D. Cal. Nov. 28, 2012) (*Melkonyan* did not support "the proposition that plaintiff is precluded from seeking any fees under EAJA for work completed prior to the commencement of this civil action"); *see also, e.g.*, *San v. Comm'r of Soc. Sec.*, No. 1:11-CV-1211-BAM, 2016 WL 500576, at *4 (E.D. Cal. Feb. 9, 2016); *Samsaguan v. Colvin*, No. ED CV 12-2219-DFM, 2014 WL 4988205, at *4 (C.D. Cal. Oct. 6, 2014).

The pre-complaint work in this case was not for work performed at the administrative level, which had concluded, but was in preparation for filing this action in federal court. Notably, Plaintiff's attorneys did not represent him in the underlying administrative proceedings. The two hours claimed was spent reviewing those underlying proceedings and conferring with Plaintiff regarding bringing this action in federal court. "An attorney is expected to be familiar with [the] case prior to filing a complaint in federal court." *Jones v. Colvin*, No. 2:14-CV-2088-PKH-MEF, 2015 WL 5330885, at *3 (W.D. Ark. Aug. 17, 2015), *adopting report and recommendation*, 2015 WL 5305230 (W.D. Ark. Sept. 10, 2015); *see Caylor v. Astrue*, 769 F. Supp. 2d 1350, 1353 (M.D. Fla. 2011) ("Plaintiff's counsel was thus obligated to familiarize himself with the case before filing

4

the federal court complaint."); *see also* Fed. R. Civ. P. 11(b). Courts regularly award compensation under the EAJA for time spent by counsel to familiarize themselves with the underlying administrative proceedings before filing in federal court. *See, e.g.*, *Evans v. Berryhill*, 298 F. Supp. 3d 1210, 1213 (D. Minn. 2018); *Dimond v. Berryhill*, No. 16-cv-322 (BRT), 2017 WL 4898509, at *2 (D. Minn. Sept. 22, 2017); *Jones*, 2015 WL 5330885, at *3; *Masterson v. Colvin*, Civil No. 12-2091, 2013 WL 4961648, at *3 (W.D. Ark. Sept. 13, 2013); *Caylor*, 769 F. Supp. 2d at 1353 (citing cases); *see also, e.g.*, *Cameron v. Barnhart*, 47 F. App'x 547, 550-51 (10th Cir. 2002); *Novotny v. Berryhill*, No. 8:16CV529, 2018 WL 2234901, at *1-2 (D. Neb. May 16, 2018). Plaintiff's "[c]ounsel was entirely justified in spending a small amount of time analyzing the administrative record before filing the complaint and initiating this action." *Evans*, 298 F. Supp. 3d at 1213. The Court finds that the two hours of work performed prior to the filing of the Complaint is reasonable and compensable under the EAJA.

### B. Preparation of Plaintiff's Opening Brief

The Commissioner next contends that the 39.6 hours cumulatively claimed for preparation of Plaintiff's opening brief is unreasonable. These 39.6 hours consist of 19.50 hours spent reviewing the administrative transcript, identifying issues, and performing legal research, and 20.1 hours drafting and editing the brief. The Commissioner asserts that "the administrative transcript in this case was relatively short, consisting of only 392 pages," and "the arguments contained in [Plaintiff's] . . . brief are two of the most common issues found in Social Security cases: whether the ALJ properly evaluated the opinion evidence and Plaintiff's Residual Functional Capacity." (Def.'s Opp'n at 4). Additionally,

the Commissioner contends that the time requested for legal research is unreasonable because "the most recent case cited in counsel's brief is from 2012" and Plaintiff's brief "contained a substantial amount of boilerplate language and quotations." (Def.'s Opp'n at 4).

The Court does not consider the 19.5 hours spent reviewing the administrative record, identifying issues, and performing legal research to be excessive. While the Commissioner is correct that the administrative record in this case was relatively short, the size of the record is not necessarily determinative. *See Evans*, 298 F. Supp. 3d at 1212 ("And the number of pages long an administrative record has is not necessarily indicative of the complexity of the issues raised and presented.").

Nor is the Court persuaded that the time spent on legal research was unreasonable merely because the most recent case cited in the brief was from 2012. It may well be that the case law that best supported Plaintiff's position was from 2012 and earlier. Plaintiff's counsel effectively advocated on behalf of their client and obtained a positive result. Absent a more specific showing by the Commissioner that more recent case law would have been appropriate or that the case law cited was somehow inappropriate, the mere fact that the most recent case cited was from 2012 is not enough on its own for the Court to reduce the hours spent on legal research.

Turning to the nature of the arguments presented, the Court recognizes that the administrative transcript was not overly long in this case. Yet, Plaintiff raised a number of factually-intensive arguments. Although the ALJ's assessment of a claimant's residual functional capacity and the weight given by the ALJ to the opinion evidence are frequently

litigated and not particularly novel issues, this does not necessarily mean the amount of time Plaintiff's counsel spent briefing these issues was excessive. Here, Plaintiff's counsel thoroughly analyzed and argued issues pertaining to both physical and mental aspects of the ALJ's assessment of Plaintiff's residual functional capacity. *See, e.g.*, *Vossen v. Astrue*, No. 07-cv-1567 (PAM/LIB), 2011 U.S. Dist. LEXIS 156326, at *12 (D. Minn., March 15, 2011) (finding 45 hours appropriate for review of administrative record over 400 pages and preparation of brief which "challenged a number of different aspects of the ALJ's decisions"), *adopting report and recommendation*, 2011 U.S. Dist. LEXIS 38305 (D. Minn. Apr. 7, 2011).

Similarly, while the Commissioner characterizes Plaintiff's opening brief as containing "a substantial amount of boilerplate language and quotations," (Def.'s Opp'n at 4), the Court disagrees. The use of legal authority was appropriate overall and a reduction is not warranted on this basis.

In sum, the Court finds the 39.6 hours cumulatively claimed for the preparation of Plaintiff's opening brief to be reasonable.

**C. Preparation of Plaintiff's Reply Brief**

The Commissioner additionally contends that the 3.6 hours spent preparing and filing Plaintiff's reply was unreasonable. The Commissioner takes issue with the length of the reply in relation to the time billed, arguing that "[t]he reply brief was only three pages long, it did not contain any citations to the record, and nearly an entire page of the reply consisted purely of case law quotations." (Def.'s Opp'n at 6). The Commissioner also describes the reply as "cursory." (Def.'s Opp'n at 6.) With one small adjustment discussed

7

below, *see infra* Section II.D, the time spent preparing the reply was neither excessive nor unreasonable. The reply concisely focused on Plaintiff's cane usage, which was ultimately dispositive in this matter, and the relatively small amount of time expended assisted Plaintiff in succeeding on his motion. Therefore, the Court will not reduce the time spent preparing the reply.

**D. Time Spent by Local Counsel**

Finally, the Commissioner challenges the time requested by attorney Ed Olson as local counsel. The Commissioner asserts that the work performed by Olson is clerical and unnecessarily duplicative of the work performed by attorney Karl Osterhout.

Clerical activities, including tasks such as "filing documents, preparing and serving summons, preparing and serving a civil cover sheet, mailing items to the court or other parties, downloading and emailing documents, and scanning documents as well as preparing an itemized invoice for legal services," are not properly reimbursable attorney fees under the EAJA. *Semler v. Berryhill*, No. 16-cv-2445 (TNL), 2018 WL 1512056, at *1 (D. Minn. Mar. 26, 2018). The Court finds that both of Plaintiff's counsel engaged in some clerical filing and will deduct a total of .4 hours from the 45.9 hours requested based on the following entries: (1) 6/11/2017 (.20 hours for "*File* appeal electronically with Clerk of Court") (Olson); (2) 6/13/2017 (.10 hours for "Review and *file* PHV motion") (Olson); and (3) 2/2/2018 (.10 hours for "Preparation and *filing* of Plaintiff's Reply Memorandum") (Osterhout). (ECF No. 28-1) (emphasis added).

As for the Commissioner's assertion that local counsel performed unnecessarily duplicative work, the Court does not agree. Under Local Rule 83.5(d)(2), as a nonresident

attorney, attorney Osterhout "must associate with an active member of the court's bar, in good standing, who must . . . participate in the preparation and presentation of the case . . . [and] accept service of all papers." Attorney Olson's participation in this case is required under this Court's Local Rules and the minimal time requested is consistent with those obligations. *See Kirtland v. Berryhill*, No. 15-cv-3652 (BRT) (Ord. at 5-6, May 9, 2017, ECF No. 26).

**E. Conclusion**

The Court finds that an award of 45.5 hours at a rate of $196.50 per hour for a total of $8,940.75 is reasonable in this matter. This is consistent with other EAJA awards in Social Security cases by other courts in this District. *See, e.g.*, *Waskosky v. Berryhill*, No. 16-cv-3882 (KMM), 2018 WL 2980395, at *1-2 (D. Minn. June 14, 2018) (approximately 45 hours); *Dimond*, 2017 WL 4898509, at *2 (listing cases awarding between 40 and 45 hours); *Fishbaugher v. Astrue*, No. 11-cv-1252 (MJD/JJK), 2012 WL 4711585, at *3 (D. Minn. Oct. 3, 2012) (approximately 48 hours).

The Court recognizes that the amount requested includes a 10% reduction by Plaintiff's counsel. The Court respects counsel's decision to request compensation for less than the full 51.1 hours expended on the case. *See Waskosky*, 2018 WL 2980395, at *2 ("An attorney's decision to forego a request to be compensated for some portion of the hours expended on a case can be made for many reasons."). The Court will nevertheless reduce the 45.9 hours requested by .4 hours for clerical filing. *See id.* (deducting time from requested amount which had already been voluntarily reduced by 10%). In sum, the Court finds that 45.5 hours is reasonable and awards $8,940.75.

## III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act (ECF No. 27) is **GRANTED IN PART** and **DENIED IN PART.**

2. Plaintiff is awarded $8,940.75 in reasonable attorney fees, subject to offset by any preexisting debt that Plaintiff owes to the United States.


Date: May 16, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota


*Jean P. R. E. v. Berryhill*
Case No. 17-cv-1988 (TNL)